Filing # 34582891 E-Filed 11/18/2015 09:40:41 AM

IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
SMALL CLAIMS DIVISION

JANE KEIM,

    Plaintiff,

vs.                                                    Case No.:

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant,

_____/

**COMPLAINT FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT and VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT and DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1.    This is an action for damages brought by Plaintiff, JANE KEIM, an individual consumer, against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC for violation of the State of Florida Consumer Collection Practices Act, Section 559.72, et seq., Florida Statutes (hereinafter referred to as "FCCPA") and for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

**JURISDICTION AND VENUE**

2.    This is a complaint for damages which does not exceed $2,500.00 exclusive of costs, interest and attorney's fees. Venue in this county is proper in that the above named Defendant transacts business here and throughout the State of Florida, and the conduct

complained of occurred in Polk County, Florida, and is in compliance with Section 559.77(1), Florida Statutes.

## PARTIES

3. Plaintiff, JANE KEIM (hereinafter referred to as "Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Polk County, Florida. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined Section 559.55, Florida Statutes and by 15 U.S.C. §1692a(3).

4. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter referred to as "Defendant"), is a foreign limited liability company registered in the State of Florida with its principal place of business located at 120 Corporate Blvd, Norfolk, Virginia and is a "debt collector" as that term is defined by Section 559.55(1), Florida Statutes, or under the circumstances noted and identified below is a "creditor" as that term is defined by Section 559.55(3), Florida Statutes or as applied pursuant to Section 559.72, Florida Statutes, as well as defined by 15 U.S.C. § 1692a(6).

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of consumer debt.

6. Defendant regularly collects or attempts to collect consumer debt from other parties, and is a "debt collector" as that term is defined in the FCCPA and the FDCPA.

7. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged consumer debt.

## FACTUAL ALLEGATIONS

8. Defendant has sought to collect an alleged consumer debt from Plaintiff arising from a credit card agreement allegedly entered into by Plaintiff with G. E. Capital Retail Bank

for personal, family, or household purposes, and is a "debt" as that term is defined by Section 559.55(1), Florida Statutes and by 15 U.S.C. §1692a(5). Sometime thereafter, the alleged Debt was assigned, placed, sold or otherwise submitted to Defendant.

9. Sometime later, the Debt allegedly became delinquent, and on or about July 29, 2015, Defendant filed a state court action in the Tenth Judicial Circuit, in and for Polk County, Florida, County Court, Small Claims Division, case number: 2015SC-003954-0000-00 against Plaintiff seeking to collect the alleged Debt. Defendant filed a Complaint against Plaintiff alleging, as its sole count a cause of action for an "Account Stated", for monies allegedly due and owing under credit card statements of account between Plaintiff and the credit originator, G. E. Capital Retail Bank, the last of which was rendered by the credit originator to Plaintiff and was attached as an Exhibit to the Complaint. The final account statement affirmatively rendered by the credit originator to Plaintiff, and attached in the Exhibits to the Complaint, and upon which the "Account Stated" claim was based, reflects a final and fixed balance due from Plaintiff to the credit originator of $0.00, rather than the sum of $1.972.25 alleged by Defendant in the body of the Complaint. The amount of the "New Balance" of $0.00 is reflected in at least three places on the face of the first page of the foregoing final account statement affirmatively rendered by the credit originator to Plaintiff.

10. On or about September 9, 2015, Plaintiff, by and through her state court action attorney, Eva Donohue, filed pleadings in the state court action identifying Ms. Donohue as Plaintiff's attorney of record in the state court action, and filed an answer to the complaint disputing the alleged debt.

11. The hiring of counsel by Plaintiff placed Defendant on notice that Plaintiff disputed the debt.

12. Plaintiff explicitly placed Defendant on notice that she disputed the debt as noted in the Answer filed in the State Court Action, where in Plaintiff notes: NOTICE OF DISPUTE PURSUANT TO FAIR DEBT COLLECTION PRACCTICES ACT. Notice is hereby given that the Defendant disputes the amount of the consumer debt asserted in Plaintiff's Complaint and Plaintiff's legal right to collect the debt. Accordingly, Defendant demands strict compliance with the Fair Debt Collection Practices Act.

13. Defendant reported Plaintiff's debt to credit bureaus.

14. Despite being on notice that Plaintiff disputed the debt, Defendant failed to report to the credit bureaus that the debt was disputed.

15. The above noted activity by Defendant is in direct violation of and prohibited by the State of Florida Consumer Collection Practices Act, Section 559.72, Florida Statutes and prohibited by the FDCPA.

**RESPONDENT SUPERIOR LIABILITY**

16. The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, was committed within the line and scope of Defendant's agent's agency relationship with the principal the Defendant.

17. The acts and omissions by these Defendant representative debt collectors were incidental to or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debt.

18. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the Defendant.

19. Defendant is therefore liable to Plaintiff through the doctrine of Respondent Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in

violation of state law by its collection employees, including but not limited to violations of the FCCPA and FDCPA, in their attempt to collect the above identified debt.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

20. Plaintiff incorporates Paragraphs 1 through 19.

21. This is an action against Defendant for violation of Section 559.55, *et. seq.*, Florida Statutes

22. Section 559.72 (9), Florida Statutes, provides, in pertinent part, as follows:

In collecting consumer debts, no person shall:

Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

23. As alleged and acknowledged by the Defendant in its Complaint, and as reflected in the final account statement attached to same, before the institution of this cause of action, the credit originator, G. E. Capital Retail Bank and Plaintiff had business transactions between them and they implicitly agreed to a resulting balance due on the subject account as a result of the credit originator affirmatively notifying and rendering a final account statement of it to Plaintiff, who did not object to the statement.

24. As set forth herein, the final account statement affirmatively rendered by the credit originator to Plaintiff, and implicitly agreed to by said parties, reflects a final and fixed balance due from Plaintiff to the credit originator of $0.00.

25. As the assignee of the debt sued upon, Defendant stands in the shoes of the assignor and credit originator for purposes of enforcement of the underlying debt, which is subject to the previous implicit agreement between the credit originator and Plaintiff, based

upon the affirmative rendering of the final account statement notifying Plaintiff of a final and fixed resulting balance due of $0.00.

26. Defendant has violated Section 559.72 (9), Florida Statutes, by claiming, attempting, or threatening to enforce the subject debt sued upon, including, but not limited to Filing this cause of action, including filing and service of Affidavits and other documents and communication, claiming, attempting, or threatening to enforce a debt when it knew, or should have known, that the subject debt is no longer legitimate, and/or by asserting the existence of a legal right to collect the debt when it knew, or should have known, that the right to collect the debt no longer exists, as a result of the affirmative action taken by the credit originator in rendering a final account statement to Plaintiff, notifying Plaintiff of the final and fixed balance due of $0.00, and the implicit agreement of those parties to same; all of which constituted claims, attempts, or threats to enforce a debt when Defendant knew or should have known that the debt is not legitimate, or the asserting of the existence of some other legal right when Defendant knew or should have known, that the right does not exist in violation of the FCCPA.

27. Defendant and its employees and agents violated the State of Florida Consumer Collection Practices Act, Section 559.72(6), Florida Statutes, by willfully disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

28. Defendant and its agent's acts as described above were done with full knowledge and intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

29. As a result of the above violations of the FCCPA, Plaintiff has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness,

anger, and loss of capacity to enjoy life, and Defendant is liable to Plaintiff for her actual damages, statutory damages, and reasonable attorney's fees and costs, pursuant to the FCCPA, Section 559.77 (2), Florida Statutes.

30. Based upon the willful, intentional, knowing, malicious conduct of Defendant as described herein, Plaintiff reserves her right to move to amend this claim to also assert a claim for punitive damages, in accordance with Sections 559.77 and 768.72, Florida Statutes, following additional discovery on the issue of punitive damages.

31. All conditions precedent to the institution of this action has occurred, have been satisfied or have been waived.

32. Plaintiff has retained the undersigned attorneys to represent her in this action and has agreed to pay a reasonable fee for their services in this cause, for which Defendant is liable, pursuant to Section 559.77 (2), Florida Statutes.

**WHEREFORE**, Plaintiff hereby demands that Judgment be entered in her favor against Defendant finding that Defendant violated the FCCPA, awarding Plaintiff her actual damages, statutory damages of up to $1,000.00, per violation, prejudgment interest, attorneys' fees and costs, pursuant to Section 559.77 (2), Florida Statutes, and awarding Plaintiff any and all such further relief set forth in Section 559.77 (2), Florida Statutes, including equitable relief, as it deems necessary or proper, including, but not limited to, enjoining Defendant from further violations of the FCCPA.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff incorporates Paragraphs 1 through 32.

34. This is an action against Defendant for violation of Section 15 U.S.C. § 1692, *et. seq.*

35. Pursuant to 15 U.S.C. § 1692k(a), any debt collector, such as Defendant, who fails to comply with any provision of 15 U.S.C. § 1692, *et. seq.*, with respect to any person has civil liability to said person.

36. Section 15 U.S.C. §1692e provides, in pertinent part, as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. Defendant violated Section 15 U.S.C. §1692e, by willfully claiming, attempting, or threatening to enforce the subject debt sued, including, but not limited to (1) Filing this cause of action, including filing and service of Affidavits and other documents and communication, claiming, attempting, or threatening to enforce a debt when it knew, or should have known, that the subject debt is no longer legitimate, and/or by asserting the existence of a legal right to collect the debt when it knew, or should have known, that the right to collect the debt no longer exists, as a result of the affirmative action taken by the credit originator in rendering a final account statement to Plaintiff, notifying Plaintiff of the final and fixed balance due of $0.00, and the implicit agreement of those parties to same; and (2) Representing, directly or indirectly, expressly or by implication, that Plaintiff owed the subject debt to Defendant with certain unpaid balances, interest rates, and payment due dates, and that Defendant had a reasonable basis for representing that Plaintiff owed the claimed debt to Defendant, when, in truth and fact, the representations by Defendant were false or were not substantiated at the time the representations were made; all of which was use of false,

deceptive and misleading representation or means by Defendant in connection with the collection of the alleged debt by abuse and harassment in violation of the FDCPA.

38. Section 15 U.S.C. §1692e(2)(A), provides, in pertinent part, as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of

(A) the character, amount, or legal status of any debt;

39. Defendant violated 15 U.S.C. §1692e(2)(A), by willfully claiming, attempting, or threatening to enforce the subject debt sued, including, but not limited to (1) Filing this cause of action, including filing and service of Affidavits and other documents and communication, claiming, attempting, or threatening to enforce a debt when it knew, or should have known, that the subject debt is no longer legitimate, and/or by asserting the existence of a legal right to collect the debt when it knew, or should have known, that the right to collect the debt no longer exists, as a result of the affirmative action taken by the credit originator in rendering a final account statement to Plaintiff, notifying Plaintiff of the final and fixed balance due of $0.00, and the implicit agreement of those parties to same; and (2) Representing, directly or indirectly, expressly or by implication, that Plaintiff owed the subject debt to Defendant with certain unpaid balances, interest rates, and payment due dates, and that Defendant had a reasonable basis for representing that Plaintiff owed the claimed debt to Defendant, when, in truth and fact, the representations by Defendant were false or were not substantiated at the time the representations were made; all of which was use of false, deceptive and misleading representation or means, including the false representation of the

character, amount, or legal status of the alleged debt, by Defendant in connection with the collection of the alleged debt by abuse and harassment in violation of the FDCPA.

40. Section 15 U.S.C. §1692e(5), provides, in pertinent part, as follows:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

41. Defendant violated 15 U.S.C. §1692e(5), by willfully claiming, attempting, or threatening to enforce the subject debt sued, including, but not limited to (1) Filing this cause of action, including filing and service of Affidavits and other documents and communication, claiming, attempting, or threatening to enforce a debt when it knew, or should have known, that the subject debt is no longer legitimate, and/or by asserting the existence of a legal right to collect the debt when it knew, or should have known, that the right to collect the debt no longer exists, as a result of the affirmative action taken by the credit originator in rendering a final account statement to Plaintiff, notifying Plaintiff of the final and fixed balance due of $0.00, and the implicit agreement of those parties to same; and (2) Representing, directly or indirectly, expressly or by implication, that Plaintiff owed the subject debt to Defendant with certain unpaid balances, interest rates, and payment due dates, and that Defendant had a reasonable basis for representing that Plaintiff owed the claimed debt to Defendant, when, in truth and fact, the representations by Defendant were false or were not substantiated at the time the representations were made; all of which was use of false, deceptive and misleading representation or means, and/or threats to take action that cannot

legally be taken or that is not intended to be taken by Defendant in connection with the collection of the alleged debt by abuse and harassment in violation of the FDCPA.

42. Section 15 U.S.C. §1692f(1), provides, in pertinent part, as follows:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

43. Defendant violated 15 U.S.C. §1692f(1), by willfully claiming, attempting, or threatening to enforce the subject debt sued, including, but not limited to (1) Filing this cause of action, including filing and service of Affidavits and other documents and communication, claiming, attempting, or threatening to enforce a debt when it knew, or should have known, that the subject debt is no longer legitimate, and/or by asserting the existence of a legal right to collect the debt when it knew, or should have known, that the right to collect the debt no longer exists, as a result of the affirmative action taken by the credit originator in rendering a final account statement to Plaintiff, notifying Plaintiff of the final and fixed balance due of $0.00, and the implicit agreement of those parties to same; and (2) Representing, directly or indirectly, expressly or by implication, that Plaintiff owed the subject debt to Defendant with certain unpaid balances, interest rates, and payment due dates, and that Defendant had a reasonable basis for representing that Plaintiff owed the claimed debt to Defendant, when, in truth and fact, the representations by Defendant were false or were not substantiated at the time the representations were made; all of which was use of unfair or unconscionable means to collect or attempt to collect the alleged debt by

Defendant in connection with the collection of the alleged debt by abuse and harassment in violation of the FDCPA.

44. Section 15 U.S.C. §1692d, provides, in pertinent part, as follows:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

45. Defendant violated 15 U.S.C. §1692d, by willfully claiming, attempting, or threatening to enforce the subject debt sued, including, but not limited to (1) Filing this cause of action, including filing and service of Affidavits and other documents and communication, claiming, attempting, or threatening to enforce a debt when it knew, or should have known, that the subject debt is no longer legitimate, and/or by asserting the existence of a legal right to collect the debt when it knew, or should have known, that the right to collect the debt no longer exists, as a result of the affirmative action taken by the credit originator in rendering a final account statement to Plaintiff, notifying Plaintiff of the final and fixed balance due of $0.00, and the implicit agreement of those parties to same; and (2) Representing, directly or indirectly, expressly or by implication, that Plaintiff owed the subject debt to Defendant with certain unpaid balances, interest rates, and payment due dates, and that Defendant had a reasonable basis for representing that Plaintiff owed the claimed debt to Defendant, when, in truth and fact, the representations by Defendant were false or were not substantiated at the time the representations were made; all of which was use of conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff by Defendant in connection with the collection of the alleged debt in violation of the FDCPA.

46. Defendant and its agents violated 15 U.S.C. § 1692e(8) by failing to communicate to the credit bureaus that the debt was disputed. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

47. As a result of the above violations of the FDCPA, Plaintiff has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and is entitled to: (1) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (2) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(a); (3) reasonable attorney fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

48. All conditions precedent to the institution of this action has occurred, have been satisfied or have been waived.

49. Plaintiff is entitled to an award of prejudgment interest pursuant to applicable Florida law.

50. Plaintiff has retained the undersigned attorneys to represent her in this action and has agreed to pay a reasonable fee for their services in this cause, for which Defendant is liable pursuant to the terms of the revolving credit account Agreement and pursuant to 15 U.S.C. § 1692k(a)(3).

**WHEREFORE**, Plaintiff hereby demands that Judgment be entered in her favor against Defendant finding that Defendant violated the FDCPA, awarding Plaintiff her actual damages, statutory damages of up to $1,000.00, per violation, prejudgment interest, attorneys' fees and costs, and awarding Plaintiff any and all such further relief, including equitable relief, as it deems necessary or proper, including, but not limited to, enjoining the

Defendant from further violations of the FDCPA.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 18th day of November, 2015.

**DICESARE, DAVIDSON & BARKER, P.A.**

*s/ Harold E. Barker*
HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-Mail: rbarker@ddblaw.com
*(brodriguez@ddblaw.com; sperales@ddblaw.com)*
Counsel for the Plaintiff